KITCHENS, Justice,
concurring in part and in result:
¶ 30. While I agree with this Court’s adoption of the Commission’s recommended sanction, I write separately to clarify which of Judge Cowart’s actions rise to the level of judicial misconduct.
¶ 31. In considering the joint recommendation filed by the Commission, it is unclear which of Judge Cowart’s several activities amounted to judicial misconduct. The Commission’s Findings of Fact and Recommendation provides a recitation of the facts but does not specify which of the judge’s actions require that she be sanctioned. We simply are told that “Respondent’s action as stated in the Agreed Statement of Facts and Proposed Recommendation violated Canons 1, 2A, 2B, 3B(2) and 3B(7) of the Code of Judicial Conduct and § 177A of the Mississippi Constitution.... ” However, the Agreed Statement of Facts and Proposed Recommendation, which was not fully adopted by the Commission, includes this brief analysis:
Respondent agrees that due to her knowledge of Carol Pearson that she should have recused herself from involvement in any phase of Pearson’s case and therefore has violated 3E(1).[1 ] Also, by engaging in ex parte conversations with Pearson and Pearson’s husband she violated 2B and 3B(7). Respondent’s demands that Pearson be released from jail and her statements from the bench regarding Pearson’s innocence violate Canons 1, 2A, 3B(1), 3B(2).
The Commission rejected the finding that Judge Cowart should have recused herself and the finding that she had violated Canon 3E(1), which governs disqualification of judges.[2] Accordingly, we are left to assume that the Commission found misconduct in Judge Cowart’s “engaging in ex parte conversations with Pearson and Pearson’s husband” and her “demands that Pearson be released from jail and her statements from the bench regarding Pearson’s innocence.”
¶ 32. Thus, while the majority correctly summarizes the agreed facts, not all of Judge Cowart’s enumerated actions are sanctionable, including her refusal to sign a search warrant and her request that Pearson’s handcuffs and shackles be removed while Pearson was in the courtroom. These matters, standing alone, were within the judge’s discretion. As for her statement from the bench that Pearson was “not a criminal,” that too would not offend the judicial canons if that com *598 ment occurred in the context of the presumption of innocence afforded all persons accused of a crime. The information before us gives this Court no insight into the context in which the comment was made. Nevertheless, it seems clear from the audio recording of the hearing that Judge Cowart was agitated and was expressing her belief that the charges against Pearson had been fabricated by the sheriffs office.
¶ 33. Based on the agreed facts and the record before us, Judge Cowart should be sanctioned for her ex parte communications with Pearson and Pearson’s spouse, for her demanding that Pearson be released from jail, and for her exhibiting partiality toward Pearson during the initial appearance in the second case. The recommended sanction is appropriate in light of Judge Cowart’s agreement to the recommendation and because this is her third disciplinary appearance before the Commission. I do not agree with the majority’s conclusion that her actions involved moral turpitude, and Judge Cowart has not agreed to such a finding. Her actions, while sanctionable, do not amount to “shameful wickedness, so extreme a departure from ordinary standards of honesty, good morals, justice or ethics as to be shocking to the moral sense of the community.” Speed v. Scott, 787 So.2d 626, 633 (Miss.2001) (quoting Restatement (Second) Torts § 571, emt.g (1977)). While she should not have engaged in improper ex parte communications, demanded a defendant’s release from jail in these circumstances, or exhibited partiality from the bench, her rulings bear no appearance of having been affected, and this should be considered an additional mitigating factor. For these reasons, I respectfully concur in part and in result.

. The party adverse to Carol Pearson — the State of Mississippi — never asked Judge Co-wart to recuse.

. The Commission’s brief states that the Commission did not find a violation of Canon 3E(1) "as it appears that the canon is couched in hortatory rather than mandatory language.” In other words, the Commission refused to find a violation of Canon 3E(1) because the canon provides that "judges should disqualify themselves” in certain cases rather than "judges shall disqualify themselves.” Curiously, the Commission recently recommended that a justice court judge be sanctioned because she presided over the initial appearance of her nephew and her nephew's girlfriend. Miss. Comm'n on Judicial Performance v. Dearman, 66 So.3d 112 (Miss.2011). The Commission’s recommendation in that case is not consistent with its finding that Judge Cowart was not required to recuse herself despite her personal relationship with Pearson. A common factor in these cases is the lack of any party’s request for recusal.